**IN THE UNITED STATE DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

DEBORAH FELICE, an individual,

                          Plaintiff,

v.                                      Case No. CIV-14-1355-L

OKLAHOMA CITY UNIVERSITY, a      ATTORNEY'S LIEN CLAIMED
non-profit agency,                     JURY TRIAL DEMANDED

                    Defendant.

## COMPLAINT

The Plaintiff, Deborah Felice, for her Complaint against the Defendant Oklahoma City University, alleges and states the following:

### JURISDICTION AND VENUE

1.    Plaintiff is and was at all times relevant to this action a resident of Oklahoma County, Oklahoma.

2.    Plaintiff was formerly employed at Oklahoma City University, a private institution of higher learning located and operating in Oklahoma City, Oklahoma County, Oklahoma, and employing more than fifteen employees during at least twenty weeks of the year prior to and the year of Plaintiff's termination from employment with the Defendant.

3.    Plaintiff's claims for relief are for gender and/or age discrimination, including wrongful termination, prohibited by Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and Oklahoma's Anti-- Discrimination Act.  Jurisdiction over the federal claims for relief arises in this

Court under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.  Plaintiff's state law claims arise out of the same core of facts, and jurisdiction thus arises and is vested under 28 U.S.C. § 1367.

4.     All of the Plaintiff's claims arose in Oklahoma City, Oklahoma County, Oklahoma.  The Defendant is located and has its principal place of operations/business in Oklahoma City, Oklahoma County, Oklahoma.  Oklahoma County is within the venue of the United States District Court for the Western District of Oklahoma, and venue in this Court is therefore proper pursuant to 28 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

## CLAIMS FOR RELIEF

5.     Ms. Felice was employed at the Oklahoma City University School of Law for over twelve years prior to the University's termination of her employment on or about May 28, 2013.  At the time of her termination from employment and for many years beforehand, she had held the position of Dean of Students.  She performed her job functions in a more than satisfactory manner; indeed, according to her colleagues and supervisors, she had performed in an excellent and exemplary manner.

6.     Oklahoma City University terminated Ms. Felice's employment ostensibly as part of a reduction in force at the University and the School of Law. Prior to informing her of her termination, the University had provided Ms. Felice with no prior indication that she would be terminated or otherwise affected by an ostensible reduction in force.

7.     As part of its termination of Ms. Felice, the University, through personnel which included human resource professionals and trained attorneys at the University and the School of Law, tendered a release and severance agreement to Ms. Felice.  As Ms. Felice was and is a female over the age of forty, the proposed release and severance agreement included language whereby Ms. Felice would release all age and gender discrimination claims against the University.  Consistent with the legal requirements for a valid release of an age discrimination claim under federal law, the proposed release and severance agreement also included certain recitals of purported compliance with the federal Older Worker Benefit Protection Act.

8.     The truth of the matter was, however, that the University utterly and woefully failed to comply with the OWBPA, by, among other things, completely failing to provide Ms. Felice with any of the legally required information about the ostensible reduction in force and which individuals were affected by it.

9.     Through the process of obtaining more information concerning her termination, including but not limited to the hiring of legal counsel to demand and obtain the information legally required by the OWBPA, Ms. Felice learned the following:

      a. that out of persons similarly situated to her and affected by the reduction in force, the University had disproportionately, if not exclusively, terminated females;

b.  that similarly situated males, including significantly younger males, were not affected by the ostensible reduction in force;

c.  that the job functions and work Ms. Felice had previously performed were not truly or largely eliminated, but rather, substantially given to male personnel, including significantly younger male personnel; and

d.  that the University's woeful, utter failure to comply with the OWBPA's informational requirements continued, and was and is part of an effort to conceal that the true reason for the termination of Ms. Felice was her gender and/or age.

10.  The University's termination of Ms. Felice was based upon her gender and/or age.  To the extent there were other motivations or reasons for her termination, these were either pre-textual, or no more than one of a group of factors which still included gender and/or age.

11.  Ms. Felice has filed this lawsuit in a timely manner and exhausted all administrative remedies available to her.  Specifically, she previously and timely filed a charge of gender and age discrimination with the United States Equal Employment Opportunity Commission fewer than 300 days after the date of the adverse employment action taken against her.  The EEOC subsequently provided Ms. Felice with the right to sue, and Ms. Felice has filed this Complaint within 90 days of her receipt of the right to sue on or about September 11, 2014.

12.  Oklahoma City University's termination of Ms. Felice on the basis of her gender and/or age is a form of discrimination prohibited by Title VII of the

Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Oklahoma Anti-Discrimination Act.

13.    As a result of her wrongful termination from Oklahoma City University, Ms. Felice has suffered lost wages and income, both past, present, and future.  Additionally, Ms. Felice has suffered mental, emotional, and physical distress and injuries, all for which she is entitled to compensation.

**Wherefore**, the Plaintiff respectfully requests judgment in her favor and against the Defendant for all actual damages, punitive damages, liquidated damages, interest, costs, attorney's fees, and any and all legal and equitable relief to which the Plaintiff may be entitled.

Respectfully submitted,

 s/ Robert E. Norman
ROBERT E. NORMAN, OBA #14789
CHEEK & FALCONE, PLLC
6301 Waterford Blvd., Suite 320
Oklahoma City, OK 73118
Telephone: (405) 286-9191
Facsimile:  (405) 286-9670
Email:  rnorman@cheekfalcone.com
***Attorneys for Plaintiff***

S:\10837.001\(53359).docx